34 F.3d 1077
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Avery HERNDON, Defendant-Appellant.
 No. 94-7026.
 United States Court of Appeals, Tenth Circuit.
 Sept. 2, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On April 3, 1991, Mr. Herndon was convicted of two criminal counts which involved the wrongful removal of vehicle identification numbers in violation of 18 U.S.C.A. 511 (West Supp.1994). On May 29, 1991, the district court ordered Mr. Herndon to pay a total of $1,816 in restitution. On appeal, we affirmed the conviction but vacated and remanded the restitution order for recalculation. See United States v. Herndon, 982 F.2d 1411, 1421 (10th Cir.1992). On remand, the sentencing court sentenced Mr. Herndon to pay restitution in the amount of $2,400 after a hearing. Mr. Herndon, whose counsel has commendably filed an Anders brief, appeals the order of restitution asserting the amount ordered was an abuse of the sentencing court's discretion. We affirm.
 
 
 3
 The facts are simple and uncontradicted. In compliance with our order on remand, the district court held a hearing to determine the appropriate amount of restitution. The government called an expert witness who testified: that the book value of the vehicle described in count one, at the time of defendant's criminal act was $8,000; that as a result of the alteration of the vehicle identification number, the vehicle's value was reduced by thirty per cent ($2,400); and that this was due to Oklahoma law which mandated a salvage title under these circumstances.
 
 
 4
 Applicable law authorizes an award of restitution "only for the loss caused by the specific [criminal] conduct that is the basis of the offense of conviction." Hughey v. United States, 495 U.S. 411 (1990); United States v. Diamond, 969 F.2d 961 (10th Cir.1992). The amount of restitution ordered by a sentencing court is subject to review only for an abuse of discretion. Diamond, 969 F.2d at 965. In reviewing a sentencing court's order of restitution, we review the findings of fact under a clearly erroneous standard of review. United States v. Teehee, 893 F.2d 271, 274 (10th Cir.1990). The sentencing court's findings of fact in this case are supported by sufficient evidence and consequently they are not clearly erroneous. Moreover, those findings support the district court's restitution order which is not an abuse of discretion. We can find no error.
 
 
 5
 The restitution order is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470